THE STATE, THE TOWNSHIP COMMITTEE OF THE TOWN-SHIP OF KEARNEY ET AL., PROSECUTORS, v. THE MAYOR, &c., OF THE BOROUGH OF EAST NEWARK ET AL.

THE STATE, SAMUEL E. GRADY, PROSECUTOR, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF KEARNEY ET AL.

The borough of East Newark was incorporated July 3d, 1895, under the act of 1878. *Held,* that the borough had no power to elect an assessor and collector until the annual election in March, 1896, and, consequently, the assessment of taxes made in the borough in 1895, was without authority.

On *certiorari.*

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For Kearney township, *Joseph Parker, Jr.,* and *Charles L. Corbin.*

For East Newark, *Edward Kenny* and *Richard V. Lindabury.*

The opinion of the court was delivered by

VAN SYCKEL, J. The borough of East Newark was incorporated under the Borough act of 1878, on the 3d day of July, 1895. It was previously part of the township of Kearney, in the county of Hudson.

This litigation is instituted to determine whether the authorities of the township of Kearney had the right to assess and collect taxes for the year 1895, for all the territory included within its boundaries prior to the incorporation of said borough.

The borough claims that, by force of its incorporation, it became at once wholly separated from the township, and vested with the power to assess and collect all taxes to be raised within its corporate limits for the year 1895, and thereafter.

The fiscal year in Kearney township begins March 1st.

The township assessor completed his assessment, and in accordance with the law, laid it before the county board on the first Monday in June, 1895.

The county board apportioned the county and state school taxes against the township, and gave the assessor a certificate on the 26th of June, 1895, stating the quota charged to his township.

The township committee made the appropriations for the year ending March 1st, 1896, by ordinance, as required by the Kearney act (*Pamph. L.* 1871, § 30), estimating the tax on all the property assessed in the township. The assessment was made before the borough was formed, and embraced all the property in the township as it existed at the time of the assessment.

On the 23d day of July, 1895, an election was held in the borough, at which the electors voted not only for mayor and councilmen, but also for an assessor and collector, freeholder and other officers, and for an appropriation of $10,000.

After this the borough officers proceeded to make an assessment of all the property in the borough for the year 1895, as if no assessment had been or could be made of such property by the township officers.

The question is, which of these assessments is legal? both cannot be upheld.

By an act passed March 15th, 1881, it is provided that on the first Tuesday of October next after filing the certificate of the result of the election upon the question of the formation of a borough, and on the second Tuesday of March, annually thereafter, the legal voters of the borough may elect a mayor and six councilmen. *Gen. Stat., p.* 183, *pl.* 23.

By a supplement passed March 11th, 1885, it is provided that the election of the first officers of boroughs may be held on any Tuesday after two weeks from the date of filing the certificate above referred to. *Id., p.* 187, *pl.* 45.

These provisions apply only to such officers as were at that time authorized to be elected at the borough election, and not to the offices of assessor and collector, which were not provided for boroughs until 1888.

By an act approved March 6th, 1888, it is provided that at each annual borough election held for the election of mayor, there shall be elected an assessor and collector. *Id., p.* 195, *pl.* 93.

What is meant by "annual election," as used in this legislation, is clearly shown by the supplement of March 23d, 1888. *Id., p.* 196, *pl.* 104, 105.

Placitum 104 provides that the legal voters of the borough organized under the act shall, at each annual election for mayor, elect an assessor and collector; provided, that an assessor and collector shall be elected at the ensuing annual election in March, 1888, in case said act of 1888 took effect in time to allow five days' notice of election to be given.

The annual election is the annual election in March, and no authority is given to elect such officers at any other time.

This is emphasized by the provision of the next section, that the term of office of such assessor and collector shall commence on the 1st day of May after such election, and continue for the period of one year.

These provisions apply to the first and all after-elections.

The supplement of March 7th, 1895, contains nothing in conflict with this view.

Placitum 213 (*Gen. Stat.*, p. 215) provides that the borough shall be entirely separate from the township out of which it is created, and placitum 218 provides that in case of the formation of any borough out of part of a township, any township officer, residing within the limits of the borough, shall hold his office and perform his duties until the next general election for township officers. The object of this latter provision was to repel the presumption which might otherwise arise, that the non-residence of the township officer within the reduced limits of the township, would operate to vacate his office.

In my judgment, the borough of East Newark was without power to elect an assessor and collector in July, 1895; no such power could be exercised until the annual election in March, 1896, and, consequently, the assessment made in 1895, in the borough, was without authority and void, and must be set aside and vacated.

Any construction of the Borough law which will justify such an assessment would also recognize its validity, if the borough had not been incorporated until October or November, 1895, and the assessment made after that time. If there is doubt about the proper interpretation of the law in this respect, public policy clearly requires that this construction be favored, otherwise much confusion and injustice will result.